IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.,** | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1699 |
| | : | |
| **C.O. MEIR,** *et al.*, | : | |
| *Defendants* | : | |

**O R D E R**

**AND NOW**, this 27th day of May, 2022, upon consideration of Plaintiff Avery Miguel Perry, Sr.'s *motions to proceed in forma pauperis* (ECF Nos. 10, 11, 12) and *pro se* Complaint (ECF No. 1), it is hereby **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. For the reasons set forth in the accompanying Memorandum the following claims are dismissed for failure to state a claim:

   a. Perry's claims under the Rehabilitation Act are **DISMISSED, with prejudice**;

   b. Perry's claims pursuant to 42 U.S.C. § 1983 against the Chester County Prison are **DISMISSED, with prejudice**;

   c. Perry's § 1983 claims against C.O. Meir in his official capacity are **DISMISSED, without prejudice**; and

   d. Perry's § 1983 claim against C.O. Meir in his individual capacity for deliberate indifference to his serious mental health needs is **DISMISSED, without prejudice**.

4. The Clerk of Court is **DIRECTED** to send Perry a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

5. Perry is given thirty (30) days to file an amended complaint in the event he can allege additional facts to cure the defects in the claims that the Court dismissed without prejudice. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Perry's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 22-1699. **If Perry files an amended complaint, his amended complaint must be a complete document that includes all of the grounds for Perry's claims, including claims that the Court has not yet dismissed, if he seeks to proceed on those claims. This means that if Perry files an amended complaint, he must again include the allegations related to his excessive force claim against Defendant Meir, which has not been dismissed, if he still seeks to proceed on that claim. Claims that are not included in the amended complaint *will not* be considered part of this case.**[2] When drafting his amended complaint, Perry should be mindful of the Court's reasons for dismissing his claims as explained in the Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6. If Perry does not file an amended complaint, the Court will direct service of his initial Complaint on Defendant Meir *only* so that Perry may proceed on the excessive force claim

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf. Although Perry is not currently incarcerated, this form provides the most accurate framework for him to present his claims.

[2] "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (internal citations omitted).

against Meir.  **Perry may also notify the Court that he seeks to proceed on his excessive force claim against Meir at this time rather than file an amended complaint**.  If he files such a notice, Perry is reminded to include the case number for this case, 22-1699.

7. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*