IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.,** : | | **CIVIL ACTION** |
| *Plaintiff* : | | |
| : | | |
| v. : | | **NO. 22-CV-1699** |
| : | | |
| **C.O. MEIR,** : | | |
| *Defendant* : | | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO. J.                                                                                   JUNE 3, 2022

Before the Court is an Amended Complaint filed by Avery Miguel Perry, Sr. pursuant to 42 U.S.C. § 1983 against Correctional Officer Meir, in which Perry raises claims of excessive force and deliberate indifference to his serious mental health needs based on events that occurred during a prior incarceration at the Chester County Prison. (ECF No. 16.) For the following reasons, the Court will dismiss Perry's deliberate indifference claim and his official capacity claims against Meir, and will direct service of his Amended Complaint on Meir so Perry may proceed on his excessive force claim against Meir in his individual capacity.

I.     **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Perry's initial Complaint, which alleged that Meir applied his knee to Perry's neck causing Perry to have a seizure and that Perry was denied mental health medication during his incarceration, named Meir and the Chester County Prison as Defendants. (ECF No. 1.) In a May 27, 2022 Memorandum and Order, the Court granted Perry leave to proceed *in forma pauperis* and, thereafter, screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 14 & 15.) As a result, the Court dismissed Perry's claims brought under the Rehabilitation Act, his § 1983 claims against the Chester County Prison, and his claims against Meir in his official capacity.

*Perry v. Meir*, No. 22-1699, 2022 WL 1720016, at *3 (E.D. Pa. May 27, 2022).  The Court also dismissed Perry's deliberate indifference claim against Meir because Perry failed to allege that Meir was aware of Perry's mental health condition or need for medication, or that Meir was responsible for Perry being denied his medication.  *Id.* at *4.  However, the Court concluded that Perry had alleged sufficient facts to state an excessive force claim against Meir in his individual capacity.  *Id.* at *3.

The Court gave Perry an opportunity to file an amended complaint, which he did.  The Amended Complaint asserts excessive force and deliberate indifference claims against Meir in his individual and official capacities.  (Am. Compl. at 2-3.)  As with his initial Complaint, Perry alleges that the events giving rise to his claims occurred on December 21, 2020, between midnight and 1 a.m., in the "medical section" of Chester County Prison.  (*Id.* at 4.)

Perry alleges that he was "denied [his] life sustaining mental health medication", which caused him "emotional distress almost to the brink of suicide." (*Id.* at 5.)  After requesting mental health assistance at one point, Perry alleges that five correctional officers restrained him.  (*Id.*)  Although Perry alleges that the officers "assaulted" him, he clarifies that four officers restrained him "without incident", while Officer Meir applied his knee to Perry's neck.  (*Id.*)  As a result of the pressure applied to his neck, Perry was not able to breathe, asked Meir to stop, screamed for help, and ultimately had a seizure due to the increasing pressure applied by Meir.  (*Id.*)

Perry claims he was "ignored by medical until an hour before [he] was released on bail." (*Id.*)  Following his release, he was hospitalized and had to endure months of therapy and rehabilitation.  (*Id.*)  In particular, Perry alleges that he "had to undergo over a month of inpatient

2

care . . . to be reacclimated to [his] medication" and was on pain medication for more than two weeks. (*Id.*) He seeks damages to compensate him for the claimed violations of his rights.[1]

## II. STANDARD OF REVIEW

As Perry is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Perry is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[1] Perry alleges that after the incident with Meir, he was "placed under excruciating restrictions & conditions." (Am. Compl. at 5; *see also id.* at 7-8.) He does not tie these conditions to Meir and, viewing the Amended Complaint as a whole, the Court does not understand Perry to be bringing separate claims based on these conditions. (*See id.* at 5 (indicating that Perry brings two claims – one for excessive force and one for deliberate indifference to his mental health needs).)

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To be liable in a civil rights action "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). For the following reasons, the Court concludes that the only claim presented by Perry's Amended Complaint that passes statutory screening is an excessive force claim against Meir in his individual capacity.

### A. Official Capacity Claims

Perry has failed to state a claim against Officer Meir in his official capacity. Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Accordingly, Perry's official capacity claims against Meir, a correctional officer at the Chester County Prison, are essentially claims against the employing municipality, Chester County.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d

4

1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must allege facts showing that the municipality "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

As with his initial Complaint, nothing in Perry's Amended Complaint alleges that the events upon which he bases his claims were the result of a policy or custom of Chester County. *Perry*, 2022 WL 1720016, at *3. Accordingly, Perry has failed to state a plausible claim against Correctional Officer Meir in his official capacity.

### B. Excessive Force

Because Perry was a pretrial detainee during the relevant event, the Due Process Clause of the Fourteenth Amendment governs his excessive force claims. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (internal quotation and citation omitted). To state a due process violation based on excessive force, a pretrial detainee must allege facts to plausibly suggest that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the

use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397. Whether unreasonable force has been used against a detainee "requires 'careful attention to the facts and circumstances of each particular case.'" *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Here, Perry alleges that Meir placed his knee on Perry's neck and continued to apply pressure despite Perry's screams and requests that he stop. As a result of the pressure applied to his neck, Perry was not able to breathe, suffered a seizure, and was hospitalized. These allegations are sufficient to state a plausible excessive force claim against Meir.

### C. Deliberate Indifference to Medical Needs

Perry has failed to state a plausible claim against Meir for deliberate indifference to his mental health needs. To state a claim in the context of medical care, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[2] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). "A deliberate indifference to a serious medical need claim can apply in various inmate medical situations, including failing to provide adequate mental health services." *DeJesus v. Delaware through Delaware Dep't of Corr.*, 833 F. App'x 936, 940 (3d Cir. 2020) (citing *Palakovic v.*

---

[2] The standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017) (*per curiam*).

*Wetzel*, 854 F.3d 209, 227-29, 231-32 (3d Cir. 2017)); *see also Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 763 (3d Cir. 1979) (deliberate indifference is actionable "when inmates with serious mental ills are effectively prevented from being diagnosed and treated by qualified professionals").

For instance, deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment, however, are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Additionally, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference." *Id.* at 236.

Perry's deliberate indifference claim suffers from the same defects identified by the Court upon screening his initial Complaint. *Perry*, 2022 WL 1720016, at **3-4. The Court understands Perry to be alleging that he suffers from a mental illness for which he has been prescribed medication by a physician. The Amended Complaint also alleges that Perry became suicidal after failing to receive this medication. These allegations plead a serious mental health need. However, Perry has not alleged that Meir, a correctional officer who is not a medical official, acted with deliberate indifference to that need or was responsible for Perry being denied his medication. Indeed, nothing in the Amended Complaint suggests that Meir was even aware of Perry's mental health condition or the fact that he was on medication for that condition. For these reasons, Perry

has not stated a claim against Meir, the only named Defendant, for deliberate indifference to his serious mental health needs.

### IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Perry's claim against Meir in his official capacity and his deliberate indifference claim against Meir in his individual capacity, and will direct service of Perry's Amended Complaint so that he may proceed solely on his excessive force claim against Meir in his individual capacity. The Court concludes that further amendment of the dismissed claims against Meir would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO. J.*